**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROBIN SILVERMAN,

      Plaintiff,

v.                                     Case No. 1:26-cv-00247-JCH-KRS

PHIL HOUSER, JAYCO, INC.,
ROBERT LANGLEY,
and RV RETAILER TEXAS, LLC d/b/a/
MOTOR HOME SPECIALIST,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This case arises from Plaintiff Robin Silverman's purchase of a motorhome. Compl., Dkt. No. 1-1. Plaintiff, who is proceeding pro se, filed a complaint in state court alleging that the motorhome had substantial warranty defects that Defendants failed to repair despite multiple repair attempts. *Id.* She asserted claims under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 *et seq.*) and the New Mexico Motor Vehicle Quality Assurance Act (N.M. Stat. Ann. § 57-16A-1 through -9, also known as New Mexico's Lemon Law). *See id.* After Defendants removed the case under federal question jurisdiction, *see* Notice, Dkt. No. 1, Plaintiff voluntarily dismissed her Magnuson-Moss Warranty Act claim, *see* Notice, Dkt. No. 8. On February 23, 2026, Plaintiff filed a *Motion to Remand to State Court* (Dkt. No. 11) on the grounds that no federal claims remain. Defendants oppose the motion, arguing that, although they initially removed based on federal question jurisdiction, the Court in fact has jurisdiction based on diversity as well. In reply, Plaintiff argues that Defendants failed to assert diversity as a jurisdictional basis in their Notice of Removal. *See* Pl.'s Reply, Dkt. No. 20. The Court, having considered the motion, response, reply, complaint, Notice of Removal, and applicable law, concludes that the motion to remand should be granted.

## I.      FACTUAL BACKGROUND

In her state court complaint, Plaintiff asserts she is entitled to damages in the amount of $225,000 plus interest. Compl. ¶ 2, Dkt. No. 1-1. In the caption of the state-court complaint, Plaintiff lists a Santa Fe address next to her name, a Post Office box address in Indiana after Defendants Phil Houser and Jayco, and a Texas address after Defendants Robert Langley and Motorhome Specialist RV. *Id.* at 2 of 4. Defendants filed a Notice of Removal asserting federal question jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's allegation that Defendants violated the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. Notice ¶ 7, Dkt. No. 1. Defendants thereafter moved to transfer the case to the United States District Court, Northern District of Indiana, pursuant to 28 U.S.C. § 1404(a) and the forum selection clause in the manufacturer's limited warranty. Defs.' Mot. 1, Dkt. No. 3. Additionally, they moved to dismiss both claims under Rule 12(b)(6). *Id.*

A week later, Plaintiff filed a *Notice of Voluntary Dismissal of Magnuson-Moss Warranty Act Claim*, voluntarily dismissing her federal claim under Federal Rule of Civil Procedure 41(a)(1)(A). Notice, Dkt. No. 8. The same day, she responded to Defendant's motion to transfer and to dismiss, arguing for remand now that no federal question remains before the Court. Pl.'s Resp. 1, Dkt. No. 7. She thereafter filed her motion to remand (Dkt. No. 11). In response, Defendants argue that this Court has subject matter jurisdiction based on diversity under 28 U.S.C. § 1332(a). *See* Def.'s Resp. 1-2, Dkt. No. 14; Def.s Reply 1-2, Dkt. No. 13. Although not alleged in the removal notice, Defendants assert in their briefs that there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000. *See id.*

## II.      STANDARD

Federal courts are courts of limited jurisdiction and there is a presumption against removal. *See Dutcher v. Matheson*, 733 F.3d 980, 984-85 (10th Cir. 2013). Removal statutes must be strictly construed with ambiguities resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001), *overruled on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). If a complaint asserts both federal and state law claims arising out of the same facts, the federal court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 and adjudicate the state law claims as well. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 25-27 (2025). When jurisdiction is based on diversity, a party must show that there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000.00. *Dutcher*, 733 F.3d at 987.

### III.    ANALYSIS

When federal courts no longer have "authorization to resolve a suit, they must hand it over." *Royal Canin*, 604 U.S. at 28. "When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says." *Id.* at 30. Here, by voluntarily dismissing her federal claim, Plaintiff effectively amended her complaint to eliminate federal-question jurisdiction. In doing so, "the court's supplemental jurisdiction over the state claims dissolved too." *Id.* at 44. Consequently, this Court must consider whether it has jurisdiction based on diversity. If not, Plaintiff's post-removal amendment divests this Court of its jurisdiction. *See id.* at 35.

The notice of removal must contain "a short and plain statement of the grounds for removal" and be filed within 30 days after the receipt by the defendant of the complaint upon

which removal is based. *See* 28 U.S.C. § 1446(a)-(b). Because § 1446(a) does not expressly mandate that the removing party identify all grounds for removal, Defendants argue that the Court may exercise its diversity jurisdiction. Defendants contrast § 1446 with its criminal counterpart, 28 U.S.C. § 1455(b)(2), which explicitly requires the removing party to identify all grounds for removal. *See* 28 U.S.C. § 1455(b)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice."). Section 1446(a)'s silence as to waiver, however, does not carry as much weight as Defendants wish it to, given the restrictive law regarding amending notices of removal in the civil context.

A notice of removal that fails to specify the necessary facts to establish diversity jurisdiction is defective. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300 (10th Cir. 1968). Technical defects may be cured by amendment of the notice. *See id.* at 300-02. *See also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). There are, however, limits as to what information a defendant may amend in the notice of removal. *Iconic Medical Group, LLC v. Lonahte Holdings*, LLC, No. 21-cv-00474-PAB, 2021 WL 2678614, at *2 (D. Colo. June 30, 2021). While a defendant may freely amend the notice of removal prior to the expiration of the 30-day deadline for removal, thereafter, "most cases indicate that defendants may amend the notice only to set out more specifically the grounds for removal that already have been stated in the original notice." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (Rev. 4th ed.). Defendants therefore generally "may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal." *Id.* As the Fourth Circuit explained: "after

4

thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014).

Defendants, however, urge the Court to adopt the reasoning of the Ninth Circuit in *Williams v. Costco Wholesale Corporation*, 471 F.3d 975 (9th Cir. 2006). In *Williams*, the defendant removed the case based on federal question jurisdiction. *Id.* at 976. After the plaintiff amended his complaint to drop the federal claim and add new state law claims, the district court remanded the case. *Id.* Reversing, the Ninth Circuit determined the district court had jurisdiction based on diversity of citizenship, even though diversity jurisdiction was not alleged in the notice of removal. *See id.* at 976-77. The Ninth Circuit explained: "Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice." *Id.* at 977.

The problem for Defendants here is that diversity jurisdiction is not apparent from the face of Plaintiff's complaint. While Plaintiff clearly alleges facts in her complaint that the amount in controversy exceeds $75,000, it is not equally apparent that there is complete diversity among the parties. *See* Compl., Dkt. 1-1 at 2-3 of 4. Even were the Court to view liberally the listing of addresses next to names in the caption as allegations of residency, Plaintiff did not allege the residency or citizenship of each Defendant in her complaint. She names four defendants but supplies only two addresses for them. Defendants attempt to rectify this problem by furnishing the missing information necessary to establish diversity jurisdiction in their response. They assert that Phil Houser is a citizen of Indiana; Robert Langley is a citizen of Texas; Jayco, incorporated in Indiana with its principal place of business in Indiana, is a citizen of Indiana; and RV Retailer Texas, LLC, is a citizen of Texas, Pennsylvania, Maryland, Florida, Arizona, Georgia, and

Washington, D.C., where its members are citizens. *See* Defs.' Resp. 2-3, Dkt. No. 14. All this underlying factual information, however, is decidedly absent from the face of Plaintiff's complaint. The Court is thus not convinced that *Williams* applies on this record.

Moreover, there is good reason to ensure that the separate jurisdictional basis is clear from the complaint. To hold otherwise could encourage gamesmanship. A plaintiff who desires to be in state court may drop a federal claim for that purpose only to then have a defendant raise a previously silent jurisdictional basis that keeps her in federal court, but without the federal claim. To avoid this type of prejudice, the alternative basis for jurisdiction cannot be hidden and must be apparent. That is not the case here.

Instead, the Court concludes that it lacks a separate basis for subject matter jurisdiction. The Notice of Removal only asserts federal-question jurisdiction. Plaintiff amended her complaint to eliminate the only federal claim, and diversity jurisdiction is not apparent from her complaint. Defendants cannot not belatedly amend their removal notice to assert diversity jurisdiction, a separate jurisdictional basis. *Cf. Martinez v. LHM QCJ, LLC*, Civ. No. 24-260 JCH/LF, 2024 WL 3252771, at *3 (D.N.M. July 1, 2024) ("Because Defendants are seeking to add a new basis for federal jurisdiction outside the 30-day period in which they could amend their notice of removal, the request is untimely."); *Iconic Medical Group*, 2021 WL 2678614, at *2 (holding that, where notice of removal only relied on diversity jurisdiction and 30-day window for amending the notice of removal had passed, defendant may not now assert federal question jurisdiction); *Lopez v. Walker Stainless Equipment Company, LLC*, 431 F.Supp.3d 1253, 1255 (D.N.M. Jan. 3, 2020) (remanding case for lack of jurisdiction where complete diversity was lacking and defendant's attempt to assert federal question for the first time in response to plaintiff's motion to remand was outside 30-day window to amend notice of removal); *Arancio v. Prudential Ins. Co. of America*,

247 F.Supp.2d 333, 337 (S.D.N.Y. 2002) (declining to grant leave to add new ground for federal jurisdiction and remanding case where removal petition was defective as to federal question jurisdiction and silent as to diversity). A defendant may not "switch jurisdictional horses midstream." *See Lopez*, 431 F.Supp.3d at 1255 (quoting *New Mexico ex rel. Balderas v. Valley Meat Co., LLC*, No. CIV 14-1100 JB/KBM, 2015 WL 3544288, at *25 (D.N.M. May 20, 2015)).

Because this Court lacks jurisdiction, it may not rule on Defendants' pending *Motion to Transfer and Motion to Dismiss and Request for Oral Argument* (Dkt. No. 3). Those decisions are for the state court, who is notably best positioned to determine whether New Mexico's Lemon Law applies to the subject motorhome and can determine whether the forum selection clause compels transfer of this case to an Indiana court.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Remand to State Court* (**Dkt. No. 11**) is **GRANTED**. This case is hereby **REMANDED** to the First Judicial District Court, Santa Fe County, New Mexico.

_____
SENIOR UNITED STATES DISTRICT JUDGE